O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAIG RICKETTS; JNR PARTNERS, LLC; LIBERTY COVE RESORT HOLDINGS, LLC; ROCKINGHAM ASSET MANAGEMENT, LLC; WESTRIDGE INVESTMENT GROUP, INC.; WARRINGTON INVESTMENTS, LLC; BIG HORN SONORA, S.A. DE C.V.A.; and VARIABLE CAPITAL CORPORATION OF THE UNITED MEXICAN STATES AKA BIG HORN SONORA, S. DE RL. DE C.V., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN HAAH; HARVEST ASSET MANAGEMENT, INC; ROCKINGHAM ASSET MANAGEMENT, INC; and DOES 1–10, inclusive, <br><br> Defendants. | Case No. 2:13-cv-00521-ODW (CWx) <br><br> **ORDER GRANTING MOTION TO DISMISS [16]** |

## I. INTRODUCTION

The Court has reviewed the Complaint and has considered Haah's arguments in support of his Motion to Dismiss. (ECF No. 16.) Plaintiffs failed to oppose; their opposition was due June 17, 2013. L.R. 7-9. Plaintiffs' failure to oppose is deemed consent to the granting of the motion. L.R. 7-12. For the reasons discussed below, the Court **GRANTS** Haah's Motion to Dismiss.

## II. BACKGROUND

Plaintiffs' Complaint alleges that Haah wrongfully copied their websites by creating a substantially similar website. (Compl. ¶ 24.) They claim their websites contain original artwork, text, logos, and content, all of which are "copyrightable subject matter." (Compl. ¶ 22.) Tethered to this copyright-infringement claim are five related state-law claims. But nowhere in the Complaint do Plaintiffs allege that they own a registered copyright or that they have applied for registration of a copyright.

Haah timely filed his Rule 12(b)(6) Motion to Dismiss. He asks the Court to take judicial notice that Plaintiffs have not registered the copyrights they claim he has infringed. Without an actionable copyright claim, he moves the Court to dismiss the copyright claim, as well as the related state-law claims.

## III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability

requirement." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

## IV. DISCUSSION

In order to file a copyright-infringement suit, the copyright owner must first register or file an application to register his copyright. 17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 599 U.S. 154, 157–58 (2010). Under Ninth Circuit precedent, this requirement is satisfied upon the Copyright Office's receipt of a complete copyright-registration application. *Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 621 (9th Cir. 2010).

Here, Plaintiffs failed to allege their compliance with the copyright-registration requirement. Although they refer to the copied works as "Plaintiffs' copyright" and claim they were "in possession or had the right to immediate possession or were the owners with right to possession of the website . . . and its content," they do not plead

ownership of a copyright registration. (Compl. ¶¶ 21, 25–26.) Plaintiffs contend that the material "is copyrightable subject matter under the laws of the United States," but they fail to identify any registered copyrights or allege that they have applied for them. (Compl. ¶ 22.)

Haah points out that in fact, no such copyright registration exists. (Mot. 1.) The Court takes judicial notice that according to the Copyright Office database, Plaintiffs have not registered any copyrights. And though it could be the case that Plaintiffs have a pending copyright registration, which would explain why it does not appear in the database, they failed to oppose this Motion stating so. Therefore, without having alleged ownership of a registered copyright (or that a registration is pending), the Court finds Plaintiffs cannot satisfy the § 411(a) registration precondition and must dismiss their copyright-infringement claim.

Further, without a viable copyright-infringement claim, the Court declines to exercise supplemental jurisdiction over the five remaining state-law claims.

Accordingly, the Court **GRANTS** Haah's Motion to Dismiss. Plaintiffs' Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. Should Plaintiffs desire to amend, they must do so by July 2, 2013. Failure to timely do so will result in the dismissal of this case.

**IT IS SO ORDERED.**

June 26, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

4